IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN BRADLEY, | ) | 4:10CV3084 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WARREN K. URBOM, and JOSEPH | ) | |
| F. BALILLON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On June 4, 2010, the court required Plaintiff to show cause why he is entitled to proceed in forma pauperis ("IFP") pursuant to the provisions of 28 U.S.C. §1915(g) ("§ 1915(g)"). (Filing No. 6.) Plaintiff filed a Response to the court's Memorandum and Order. (Filing No. 7.) The court has carefully reviewed Plaintiff's Response and finds that this matter should be dismissed.

## I. BACKGROUND

On May 7, 2010, while incarcerated, Plaintiff filed a Complaint (filing no. 1) and a Motion for Leave to Proceed IFP (filing no. 2). On June 4, 2010, the court determined that Plaintiff was not permitted to proceed IFP without first meeting the provisions set forth in § 1915(g). (Filing No. 6.) The court based this determination on the finding that Plaintiff brought the following four frivolous cases while incarcerated:

- *Bradley v. Urbom,* No.8:92CV54 (D. Neb.), dismissed as frivolous on March 10, 1992.

- *Bradley v. The Senate*, No. 8:92CV96 (D. Neb.), dismissed as

>   frivolous on May 7, 1992.
>
> - *Bradley v. U.S. District Court*, No. 8:92CV127 (D. Neb.), dismissed as frivolous on March 13, 1992.
>
> - *Bradley v. Urbom*, No. 8:92CV188 (D. Neb.), dismissed as frivolous on April 13, 1992.

The court ordered Plaintiff to either show cause why he is entitled to proceed IFP or pay the full $350 filing fee. (Filing No. 6.) The court informed Plaintiff that if he failed to show cause or pay the $350 filing fee by July 6, 2010, his case would be dismissed without further notice. (*Id*. at CM/ECF p. 2.) On June 8, 2010, Plaintiff filed a Response to the court's June 4, 2010, Memorandum and Order. (Filing No. 7.)

## II.   ANALYSIS

A prisoner may not bring a civil action and proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id*.

In its June 4, 2010, Memorandum and Order, the court ordered Plaintiff to show cause why his case should not be dismissed pursuant to § 1915(g). (Filing No. 6.) The court listed four cases brought by Plaintiff that were dismissed as frivolous. (*Id*. at CM/ECF p. 1.) For Plaintiff to proceed IFP, he needed to show the court that any or all of the four dismissed cases do not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In his Response, Plaintiff did not deny that, while incarcerated, he filed four frivolous cases. He also did not allege that he faces any imminent danger of physical injury. Instead, Plaintiff states that the court's June 4, 2010, Memorandum and Order is "bogus" and "prevaricating on an excepted racist norm." (Filing No. 7.) In short, Plaintiff has not shown that he faces any imminent danger of physical injury. Because Plaintiff is not entitled to proceed IFP, nor paid the full $350 filing fee, this matter must be dismissed.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice. All pending motions are denied as moot.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 15th day of July, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.